ACCEPTED
14-15-00353-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/21/2015 4:57:50 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00353-CV

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS
AT HOUSTON

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/21/2015 4:57:50 PM
CHRISTOPHER A. PRINE
Clerk

ALI RASSOULI

*Appellant*

v.

NATIONAL SIGNS HOLDING, LLC, NATIONAL SIGNS, LLC
and LOUIS GIRARD

*Appellees and Cross-Appellant*

*On Appeal from the 133rd District Court of Harris County, Texas*

---

APPELLANT'S AMENDED REPLY BRIEF ON JURISDICTION

---

Lloyd E. Kelley
Texas State Bar No. 11203180
THE KELLEY LAW FIRM
2726 Bissonnet, Suite 240, PMB12
Houston, Texas  77005
Tel 281.492.7766
Fax 281.652.5973
kelley@lloydekelley.com

ATTORNEY FOR APPELLANT
ALI RASSOULI

**APPELLANT'S REPLY TO APPELLEES' JURISDICITON BRIEF** [1]

Appellees[1] again want this Court to "fix" this flawed case by inviting the Court to enter a final judgment by referring to it as a "ministerial act."  Everyone agreed at oral argument that this appeal is defective because there is no final judgment. Appellant never agreed to any final judgment because Appellant has always asserted that the matter should be sent back to the arbitrator for a final award.  No one disputes the fact that arbitration award has a blank that needs to be filled in by the arbitrator.  Appellees would prefer for a court, whether it be this Court or another, to procedurally decide the case with the award forever left blank.

Rather than simply agree to voluntarily dismiss this appeal, send the matter back to the trial court and then back to the arbitrator, Appellees again want this Court to spend time writing an opinion dealing with all of the clever legal arguments made to date, plus add another dissertation on how to fix the jurisdiction issue at the appellate level.  This appears to be a great waste of time considering the proper and expeditious thing to do is to dismiss this appeal and send the matter back.  Appellant filed a notice of appeal out of an abundance of caution so as not to miss a deadline and forever lose his right to assert a claim for the money he is owed.

---

[1] Appellant Ali Rassouli aka Al Ross is referred to as A1 Ross. Appellee and Cross-Appellant National Signs, LLC is referred to as National Signs. Appellee National  Signs Holding, LLC is referred to as National Signs Holding. National Signs and  National Signs Holding are sometimes referred to as the National Signs parties.  Appellee Louis Girard is referred to as Girard. Reference to the Clerk's Record is made by CR    . No reporter's record exists for this matter.

If it remains possible for Appellant to proceed with another arbitration before the same arbitrator and still receive his award and said award is an offset to any amount awarded to Appellees, then Appellant has no objection to any course of action that ends this case. However, to the extent that Appellees want a final decision by this Court and then attempt to use that as some waiver argument or res judicata argument, then Appellant strongly opposes any attempt to make this matter final without an order sending the matter back to the arbitrator to fill in the blank on the amount owed by Appellees or language that clearly evidences Appellants right to obtain a final award amount.

However, it still makes no sense to Appellant for this Court to spend any time on this matter and make the interlocutory judgment final and then everyone still has to return to the same arbitrator which then Appellees would appeal again creating simply more work for the courts. The parties agreed to arbitration long ago under the premise it would be quicker and cheaper. However, Appellees strategy is to try and keep the litigation lasting as long as possible. What should have been an easy resolution of the current issue, both parties simply agree to dismiss the appeal and return the matter to the arbitrator, has now become further briefing on how the appellate court could perform a "ministerial act" and decide this appeal in a manner in which Appellees could claim they won. Appellees should have agreed to dismiss the appeal and return this matter to the arbitrator. The fact that Appellees have not

agreed to the simplest solution indicates they see some advantage to having this Court work to issue an opinion that would have to address a multitude of matters and may even involve having the Court guess as to what the arbitrator intended. Rather than guess the most prudent approach is to simply ask the arbitrator what her award says or should say. The arbitrator occupies the best position to decide the issues that were originally submitted to her.

Appellant request this Court dismiss this appeal and remand the matter back to the trial court at which time Appellant may request the trial court send the matter back to the arbitrator for a final decision on all outstanding matters.

CONCLUSION

The arbitration award contains a glaring whole that Appellees have gone to great lengths to keep from getting fixed. National Signs is trying to avoid paying Al Ross the money it owes him for wrongfully terminating him. National Signs opposed sending the matter back to the arbitrator so that the parties' post-award motions to clarify or modify the award could be decided. National Signs filed a lawsuit immediately after the arbitration hearing concluded and then when faced with a motion to compel arbitration non-suited the case to keep the arbitrator from having jurisdiction over the parties dispute.

As consistently advocated by Appellant, there has always been only one real solution. In the absence of an agreement of the parties to send the matter back to

the arbitrator to consider and rule on these issues,[2] the obvious solution is for the District Court to order the parties back to the arbitrator for a final decision on the amount owed to Appellant.

Respectfully submitted,

THE KELLEY LAW FIRM

By: _/s/ Lloyd E. Kelley____
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
281-492-7766 telephone
281-652-5973 facsimile
*Attorney for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2015, a true and correct copy of the foregoing, Appellant's Amended Reply Brief on Jurisdiction, was served via e-mail upon the following:

John H. McFarland
Joyce+McFarland LLP
jmcfarland@jmlawyers.com

_/s/Lloyd E. Kelley_____
Lloyd E. Kelley